UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

    Encore Property Management of      Bankruptcy Case No. 17-21325-PRW
    Western New York, LLC,     Chapter 11

    Debtor.

**DECISION AND ORDER
DISMISSING CHAPTER 11 PETITION
*SUA SPONTE* AND *AB INITIO***

PAUL R. WARREN, U.S.B.J.

    On December 15, 2017, at 8:10 a.m., Encore Property Management of New York, LLC filed a petition under Chapter 11 of the Bankruptcy Code. Encore filed the petition on its own behalf, without an attorney. (ECF No. 1). The petition was signed and filed by Jason G. Palmer, as trustee of a family trust. Mr. Palmer is not an attorney licensed to practice law. Encore is a corporation. Because Encore cannot proceed *pro se*, the petition is a legal nullity. The petition is **DISMISSED**, *ab initio*, under Local Rule 2014-1.

## DISCUSSION

    The filing of this Chapter 11 case is concerning. The manner and timing hint at a last-ditch attempt to derail a proceeding in state court—but that is just a guess because the petition is woefully incomplete. And the possible relationship between "Encore Property Management of Western New York, LLC" and "Encore Properties of Rochester, LLC," a Chapter 11 debtor whose petition was recently dismissed as a bad faith filing by the Bankruptcy Court for the Northern District of New York (Case No. 16-60524-6-dd) is troubling. If, following dismissal of

this petition, Encore seeks protection under the Bankruptcy Code, through a petition signed and filed by a licensed attorney—under Rule 11, of course—perhaps the shape of the spectre, that is now mere vapour, will become much clearer.

## **The Chapter 11 Petition Is a Legal Nullity**

A corporation cannot commence or appear in a proceeding *pro se*; it must appear through its attorney or not at all. *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (citing *Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) ("it is settled law that a corporation cannot appear other than by its attorney")). Here, Encore filed its Chapter 11 petition without an attorney. The petition is a legal nullity. *Chiacchia v. Schitkedanz*, No. 1:11-cv-00837-MAT-HKS, 2016 U.S. Dist. LEXIS 68953, at *5 (W.D.N.Y. May 25, 2016) (Telesca, J.). "Papers, including petitions, filed by a corporate debtor which has no attorney of record, may be received but later dismissed, *sua sponte*, by the Judge to whom the case is assigned." W.D.N.Y. Local Rule of Bankruptcy Procedure 2014-1.

To mitigate the potential prejudice to creditors, the Court acts both *sua sponte* and quickly in dismissing the petition *ab initio*, under Local Rule 2014-1 and for cause under 11 U.S.C. § 1112(b). The Chapter 11 filing fee will *not*, however, be refunded. While Encore lacked the legal authority to file this petition, the filing was not a "mistake"—it was most assuredly calculated to bring about a result. The petition was promptly processed by the Clerk's Office and addressed by the Court. The fee was properly received under 28 U.S.C. § 1930(a)(3). The petition is **DISMISSED**, *ab initio* and *sua sponte*.

**IT IS SO ORDERED.**

DATED: December 15, 2017    _____/s/_____
    Rochester, New York    HON. PAUL R. WARREN
                                        United States Bankruptcy Judge